◼ In the Matter of the Estate of VIRGINIA S. NELSON, Deceased. SALLY KING et al., as Executors of VIRGINIA S. NELSON, Deceased, Respondents; WILLARD P. NELSON, Appellant.—In a proceeding to determine the validity of a surviving spouse's notice of election against the decedent's will, the surviving spouse appeals from a decree of the Surrogate's Court, Westchester County, entered April 20, 1977, which, *inter alia,* determined that his notice of election was invalid. Decree affirmed, without costs or disbursements, on the opinion of Surrogate Brewster. We wish to note further that the discretionary power granted to the executor pursuant to paragraph Fourth (b) of the will does not mandate a different result. That paragraph,

which gives the executor power to withhold income in the event that "any part of my [the decedent's] estate shall vest in absolute ownership in any minor or any person adjudicated an incompetent", does not apply to appellant's life income interest. The use of the term "part of my estate" must be read in the context of the entire will. Paragraph Second divided the estate, into three equal parts—Trust H for the benefit of decedent's husband, Trust S for the benefit of her son and Trust D for the benefit of her daughter. The "part" of the estate from which appellant's income is produced will never "vest in absolute ownership" in the surviving spouse. Even assuming, *arguendo*, that the payment of net income to appellant constitutes "absolute ownership" of property, his interest vested at the time of the decedent's death. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.